1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN ALAN PARVIN,                          No.  2:15-cv-2461 AC P

12                      Petitioner,

13         v.                                     ORDER

14    JAMES ROBERTSON, Acting Warden,
      Pelican Bay State Prison,[1]
15
                      Respondent.
16

17         Petitioner is a state prisoner proceeding pro se and in forma pauperis with a fully briefed

18   petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner subsequently

19   filed two motions to stay and abey this action under King v. Ryan, 564 F. 3d 1133 (9th Cir.

20   2009).  ECF Nos. 21, 22.  The proposed amended petition filed in relation to these motions is

21   incomplete – it ends at page "22 of 30."  See ECF No. 23.  Moreover, petitioner's very short

22   motions fail to identify the claim(s) that petitioner seeks to exhaust in the state courts.  See ECF

23   Nos. 21-2.  One of petitioner's motions states that the claim(s) he is attempting to exhaust is/are

24   "pending in [the] Third Appellate District C086643."  ECF No. 22 at 1.  Review of the docket in

25   [1]  A federal petition for writ of habeas corpus must name as respondent the state officer having
     custody of the petitioner.  See 28 U.S.C. § 2254; Rule 2(a) of the Rules Governing Section 2254
26   Cases in the United States District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004);
     Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Petitioner informed the
27   court that he was transferred from the California Medical Facility to Pelican Bay State Prison
     (PBSP).  See ECF No. 20.  Accordingly, James Robertson, PBSP Warden, is hereby substituted
28   as respondent.

                                                   1

that case indicates that it was decided on December 21, 2018.[2]  It thus appears that the time for

seeking review in the California Supreme Court has not yet expired.  See Rules 8.264 & 8.500,

California Rules of Court.

This court construes petitioner's motion under King as a request to proceed with a "Kelly

stay."  Petitioner is informed of the following requirements for pursing such request.  In King, the

Ninth Circuit Court of Appeals described the "Kelly procedure" as a three-step process, as

follows:

> (1) a petitioner amends his petition to delete any unexhausted
> claims; (2) the court stays and holds in abeyance the amended, fully
> exhausted petition, allowing the petitioner the opportunity to
> proceed to state court to exhaust the deleted claims; and (3) the
> petitioner later amends his petition and re-attaches the newly-
> exhausted claims to the original petition.

King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71).  Significantly, "the Kelly procedure .

. . is not premised upon a showing of good cause."  King, 564 F.3d at 1140.  Cf. Rhines v.

Weber, 544 U.S. 269, 277-78 (2005) (a stay under Rhines is appropriate only when, inter alia,

petitioner has demonstrated good cause for failing to previously exhaust her claims in the state

courts).  However, "[a] petitioner seeking to use the Kelly procedure will be able to amend his

unexhausted claims back into his federal petition once he has exhausted them only if those claims

are determined to be timely" under AEDPA's statute of limitations.  Id. at 1140-41.  Thus the

Kelly procedure, in contrast to the procedure approved in Rhines, does not protect a petitioner's

unexhausted claims from expiring during a stay.  King, 564 F.3d at 1140-41; see also Duncan v.

Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a

federal habeas petition does not toll AEDPA's statute of limitations).  "[T]he Kelly procedure,

unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from

untimeliness in the interim."  King, 564 F.3d at 1141.

---

[2]  This court may take judicial notice of its own records and the records of other courts.  See
United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631
F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts
that are capable of accurate determination by sources whose accuracy cannot reasonably be
questioned).

1    Under <u>Kelly</u>, if a newly exhausted claim is time-barred, it may be added in an amended

2    petition only if it "relates back" to petitioner's original exhausted claims. A new claim does not

3    "relate back" to the original petition simply because it arises from "the same trial, conviction, or

4    sentence." <u>Mayle v. Felix</u>, 545 U.S. 644, 662-64 (2005). Rather, the new claim must be of the

5    same "time and type" as the original exhausted claims, and share a "common core of operative

6    facts" with those claims. <u>Id.</u> at 659. "A <u>Kelly</u> stay may be denied where the petitioner's new

7    claims are deemed to be untimely and do not relate back to exhausted claims," that is, if "granting

8    such a stay to permit exhaustion . . . would be futile." <u>Spivey v. Gipson</u>, 2013 WL 4517896, *9,

9    18 (E.D. Cal. 2013) (citing <u>King</u>, 564 F.3d at 1141-43). "If amendment is futile, a stay is

10   inappropriate." <u>Figueroa v. Lea</u>, 2014 WL 1028500, * 5 (S.D. Cal. 2014) (citing <u>Haskins v.</u>

11   <u>Schriro</u>, 2009 WL 3241836, *3 (D. Ariz. 2009).

12       Due to the lack of clarity in petitioner's motions, including the identity of petitioner's

13   exhausted and unexhausted claims, and in light of petitioner's incomplete proposed amended

14   petition, IT IS HEREBY ORDERED that:

15       1. Petitioner's motions to stay this action, ECF Nos. 21 and 22, are DENIED without

16          prejudice;

17       2. The First Amended Petition at ECF No. 23 is hereby STRICKEN;

18       3. If petitioner still seeks a stay of this action, he shall, within thirty (30) days after the

19          filing date of this order, file and serve a motion to stay under <u>Kelly</u>. Such a motion

20          must clearly identify petitioner's unexhausted claims, and must be accompanied by a

21          "Proposed Amended Petition" pursuant to 28 U.S.C. § 2254;

22       4. If petitioner timely files a new motion to stay this action, respondent shall, within

23          twenty-one (21) days thereafter, file and serve a response to the motion;

24       5. Petitioner may file and serve a reply to respondent's response within fourteen (14)

25          days after service of the response;

26       6. The Clerk of Court is directed to (1) substitute James Robertson, Warden of Pelican

27          Bay State Prison, as respondent; and (2) send petitioner, together with a copy of this

28   ////

3

order, a blank copy of the form used by prisoners in this district for pursuing a habeas corpus action under 28 U.S.C. § 2254.

IT IS SO ORDERED.

DATED: January 16, 2019

_____

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE