UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALAN PARVIN,<br>Petitioner,<br>v.<br>JAMES ROBERTSON, Warden,<br>Respondent. | No. 2:15-cv-2461 KJM AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner incarcerated in Pelican Bay State Prison who proceeds pro se and in forma pauperis with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner has also filed a renewed motion to stay this action and a newly proposed First Amended Petition. ECF Nos. 26-7. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth below, this court denies petitioner's motion to stay, strikes petitioner's proposed First Amended Petition, and recommends that this action be dismissed.

II. Background

Petitioner is serving an indeterminate sentence of 25 years to life for first degree residential burglary, and a determinate sentence of 11 years for multiple enhancements, including great bodily injury. Sentences on petitioner's additional convictions for arson of a structure

1

causing great bodily injury, and possession of a flammable material for malicious use were stayed. These sentences are based on petitioner's 2002 convictions in the Shasta County Superior Court, as amended on appeal and upon resentencing (Trial Court Case No. 99F3140). See People v. Parvin (Parvin I), 2003 WL 1522012, 2003 Cal. App. Unpub. LEXIS 2843 (Cal. Ct. App. Mar. 25, 2003) (Case No. C040905); petition for review denied by the Cal. Supreme Court on June 11, 2003 (Case No. S115217); see also People v. Parvin (Parvin II), 2014 WL 5661709, 2014 Cal. App. Unpub. LEXIS 7887 (Cal. Ct. App. Nov. 5, 2014) (Case No. C076261) (dismissing as untimely petitioner's appeal of trial court's denial of his motion to modify sentence pursuant to Cal. Penal Code § 1260); petition for review denied by the Cal. Supreme Court on January 14, 2015 (Case No. S223095);[1] see Clerk's Transcript (CT), Vol. 2.[2]

On August 25, 2014, petitioner filed in the Shasta County Superior Court a Petition for Recall of Sentence Under the Three Strikes Reform Act of 2012 and Penal Code section 1170.126. See Clerk's Transcript (CT), Vol. 1, at pp. 4-12. On September 9, 2014, the Superior Court denied the petition on the ground that the resentencing law does not apply to petitioner for the following reasons:

> The offenses for which the defendant stands convicted are serious and/or violent felonies, as well as the fact the great bodily injury enhancement also makes the offenses serious or violent. [¶] Petitioner is not eligible for resentencing and, therefore, is not entitled to resentencing pursuant to Penal Code section 1170.126(e)(1). To be eligible for Penal Code section 1170.126 resentencing consideration, the instant (commitment) offense for which an indeterminate sentence has been imposed under the three strikes law must be for an offense that is not a serious or violent felony as defined.

---

[1] This information is taken from the Clerk's Transcripts submitted by respondent, ECF No. 15, standard legal research sites, and reference to state court rulings in petitioner's prior cases available on the Case Information website operated by the California Courts. See http://appellatecases.courtinfo.ca.gov/search. This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] Respondent submitted two volumes of Clerk's Transcripts on Appeal, both designated "Volume 1." Consistent with respondent's briefing, the court references the shorter transcript (19 pages), from Court of Appeal Case No. C077644, as "Volume 1" and the longer transcript (92 pages), from Court of Appeal Case No. C076261, as "Volume 2."

Id., at pp. 15-6; see also ECF No. 1 at 45-6.[3] Petitioner's appeal of this matter (Case No. C077644) was dismissed as frivolous on December 18, 2014, see ECF No. 1 at 41; his petition for review (Case No. S223999) was denied by the Cal. Supreme Court on March 11, 2015, see id. at 39.

Petitioner filed his original federal petition for writ of habeas corpus in the instant action on November 21, 2015.[4] ECF No. 1. Upon initial review of the petition, the undersigned found it successive and recommended it be dismissed without prejudice. ECF No. 5. Petitioner objected, explaining that his petition challenged the state court's recent rulings rejecting his request for resentencing under California's Three Strikes Reform Act. ECF No. 7. The undersigned vacated the findings and recommendations and directed the parties to complete briefing on the petition. ECF No. 8. Respondent answered, ECF No. 14, and, after extended time, petitioner filed a traverse, ECF No. 18.

Thereafter, on March 12, 2018, and April 30, 2018, petitioner filed two motions to stay this action and submitted a proposed First Amended Petition. See ECF Nos. 21-3. By order filed January 17, 2019, the undersigned construed petitioner's motions, expressly filed under King v. Ryan, 564 F. 3d 1133 (9th Cir. 2009), as requests for a "Kelly stay" under Kelly v. Small, 315 F.3d 1063, 1068 (9th Cir. 2003), cert. denied, 538 U.S. 1042 (2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). See ECF No. 24. The court found that petitioner's motions lacked clarity, particularly in identifying petitioner's exhausted and unexhausted claims, and that his proposed amended petition was incomplete. Id. Therefore the court struck the proposed amended petition, denied the motions to stay without prejudice, granted petitioner leave to file a new "Proposed Amended Petition" and new motion to stay which, if filed, was then to be fully briefed by the parties. Id.

---

[3] Page references to filed documents reflect the court's electronic pagination, not the original pagination of cited documents.

[4] Unless otherwise noted, petitioner's filing dates referenced herein are based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date it was signed by the prisoner and given to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

3

On February 22, 2019, petitioner filed the instant motion to stay and a new Proposed First Amended Petition. ECF Nos. 26-7. Respondent filed an opposition to petitioner's motion, ECF No. 28, and petitioner filed a reply, ECF No. 29.

Between the filing of his original federal petition and the filing of his instant motion to stay, petitioner continued to pursue matters in the state courts. As recounted by the Court of Appeal in People v. Parvin (Parvin III), 2018 WL 6715908, at *2, 2018 Cal. App. Unpub. LEXIS 8674 (Cal. Ct. App. Dec. 21, 2018) (Case No. C086643) (brackets in original):

> On December 27, 2017, defendant filed a pleading in the superior court styled, "Writ of Mandamus – Prohibition (-) Coram Nobis – The All Writs Act," in which he apparently contended the trial court had erred in 2002 by treating a juvenile adjudication as a prior conviction for purposes of the three strikes law. He had raised this contention unsuccessfully in his first appeal, where we rejected it in reliance on People v. Bowden (2002) 102 Cal. App. 4th 387. (Parvin I, supra, C040905.) . . . .
>
> On January 31, 2018, the trial court summarily denied the writ, stating in part: "Thus, [the court] having already ruled on the issue [in 2014], more than a decade having passed since the original sentence, [defendant] having failed to appeal the issue on resentencing as would have been proper, and having failed to support his rather vague request for relief with supporting documentation or law, writ relief does not lie."
>
> Defendant filed a timely notice of appeal from the trial court's order.
>
> Appointed counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. . . . Defendant filed a supplemental brief renewing his contention that a juvenile adjudication may not be used as a prior conviction for purposes of the three strikes law. Construing his brief as an attempt to obtain modification of his original sentence long after the sentencing court has lost jurisdiction to do so, we dismiss the appeal for the reasons stated in Parvin II.

Petitioner thereafter sought review in the California Supreme Court, which was summarily denied on February 27, 2019 (Case No. S253699).

III. Motion to Stay

Petitioner again moves to stay this action pursuant to Kelly v. Small, 315 F.3d at 1068. See ECF No. 26. Petitioner's original petition identifies three claims: (1) the California Supreme Court erred in refusing to apply the prison mailbox rule to petitioner's petition for rehearing; (2)

4

the trial court erred in relying on petitioner's juvenile conviction as a strike under the Three Strikes Law; and (3) the trial court erred in refusing to resentence petitioner under the Three Strikes Reform Act. See ECF No. 1. In his motion to stay, and reply to respondent's opposition thereto, petitioner contends that his original Claim One is now moot; his original Claim Two was exhausted when petitioner filed his original petition; and his original Claim Three "is now exhausted and part of [the] Amended petition that was presented to the State Supreme Court." ECF No. 29 at 2; see also ECF No. 26.

Respondent concedes the state court exhaustion of petitioner's original Claim Two. See ECF No. 14 at 2, 7. Respondent does not address – and this court is unable to confirm – the alleged exhaustion of petitioner's original Claim Three, e.g., petitioner has not submitted a copy of his "Amended petition . . . presented to the State Supreme Court." ECF No. 29 at 2. In any case, petitioner's newly proposed First Amended Petition and pending motion to stay are inadequate for other reasons.

Petitioner's proposed First Amended Petition does not comply with the requirements of Kelly and the instructions of this court. As this court previously explained, ECF No. 24 at 2-3, a "Kelly stay" involves the following three steps:

> (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly exhausted claims to the original petition.

King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71).

Although additional limitations and requirements apply,[5] petitioner's proposed First

---

[5] "[T]he Kelly procedure . . . is not premised upon a showing of good cause." King, 564 F.3d at 1140. Cf. Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (a stay under Rhines is appropriate only when, inter alia, petitioner has demonstrated good cause for failing to previously exhaust her claims in the state courts). However, "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely" under AEDPA's statute of limitations. Id. at 1140-41. Thus, the Kelly procedure, in contrast to the procedure approved in Rhines, does not protect a petitioner's unexhausted claims from expiring during a stay. King, 564 F.3d at 1140-41. Under Kelly, if a newly exhausted claim is time-barred, it may be added in an amended petition only if it "relates back" to petitioner's original exhausted claims. To "relate back" to the

Amended Petition fails to comply with the first of these three steps concerning its required form. The proposed First Amended Petition begins with petitioner's description of "the amendment of the unexhausted claim on ground three." ECF No. 25 at 1; ECF No. 27 at 2-8. The remainder of the proposed petition is a duplicate copy of the original petition, ECF No. 27 at 9-39, except the last two pages are missing, as petitioner has acknowledged, ECF No. 25 at 1; cf. ECF No. 1 at 32-3. Hence the proposed petition continues to include all three original claims. Under Kelly, petitioner was required to propose a petition that included only his exhausted claims. Petitioner's failure to comply with this procedure requires that his motion to stay be denied and his proposed First Amended Petition stricken. The following analysis of petitioner's claims demonstrates that it would be futile to authorize a further motion to stay this action.

### IV. Merits Review of Petitioner's Habeas Claims

#### A. Legal Standards

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 131 S. Ct. 770, 785 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. at 784-785 (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is

---

original claims, a new claim must be of the same "time and type" as the original exhausted claims, and share a "common core of operative facts" with those claims. Mayle v. Felix, 545 U.S. 644, 659 (2005).

unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but courts may look to circuit law "to ascertain whether…the particular point in issue is clearly established by Supreme Court precedent." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. Id. In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 1399. Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc). A different rule applies where the state court rejects claims summarily, without a reasoned opinion. In Richter, supra, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision and subject those arguments or theories to § 2254(d) scrutiny. Richter, 131 S. Ct. at 786.

////

B. Petitioner's Claims

1. Claim One

Petitioner states that this claim is now moot. Even if it were not, this claim would not be cognizable on federal habeas review. Claim One contends that the prison "mailbox rule" should have been applied by the California Supreme Court to his "petition for rehearing," which was signed and mailed by petitioner on March 23, 2015. ECF No. 1 at 5, 19-21. The California Supreme Court denied petitioner's petition for review on March 11, 2015. Id. at 39. Petitioner states that he did not receive notice of the denial until March 27, 2015, after he had prepared and mailed his petition for rehearing. The California Supreme Court received the rehearing petition on March 27, 2015 and informed petitioner by letter the same date that no action would be taken because "[t]he order of this court filed March 11, 2015, denying the above-referenced petition, was final forthwith and may not be reconsidered or reinstated." Id. at 36. Petitioner received the court's March 27, 2015 letter on April 1, 2015. Although it is unclear, petitioner appears to argue that his rehearing petition, constructively "filed" upon mailing on March 23, 2015, should have been considered by the California Supreme Court prior to the issuance of its March 27, 2015 letter and/or because petitioner did not receive the court's March 11, 2015 denial of review until March 27, 2015.

For the reasons offered by respondent, ECF No. 14 at 6-7, this claim, however construed, is not cognizable in federal habeas. The prison mailbox rule is a federal, not state, procedural rule, see n.4, supra, and a challenge to its application does not state a federal habeas claim challenging the lawfulness of petitioner's custody. See 28 U.S.C. § 2254(a). Moreover, the California Supreme Court denied the rehearing petition because its decision was final, not because the petition was untimely filed. A state court's construction of its own rules, even in error, is not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (citations and internal quotation marks omitted.) Even if this claim were cognizable, petitioner raised it for the first time in this court and thus failed to exhaust it in the state courts. See 28 U.S.C. § 2254(b)(1). In short, this claim is not cognizable and should be dismissed on that basis.

### 2. Claim Two

Petitioner claims the trial court's use of his juvenile conviction as a strike violated his due process rights and constituted an ex post facto violation. ECF No. 1 at 5, 21-6. Petitioner raised these claims numerous times in the state courts. The state appellate court initially addressed these claims in 2003, on direct review and in substantial detail. See Parvin I, 2003 WL 1522012, 2003 Cal. App. Unpub. LEXIS 2843 (Cal. Ct. App. Mar. 25, 2003) (Case No. C040905); petition for review denied Jan. 14, 2015 (Case No. S223095).

Petitioner next raised these claims in 2014, in his Petition for Recall of Sentence. See CT, Vol. 1, at pp. 4-12. Although the Shasta County Superior Court's denial of the petition was the last reasoned state court decision on these matters (prior to the commencement of the instant action), the decision was silent on petitioner's challenges to his juvenile conviction as a strike, focusing instead on petitioner's general ineligibility for resentencing. See id. at pp. 15-6; see also ECF No. 1 at 45-6. Petitioner's appeal (Case No. C077644) was dismissed as frivolous, ECF No. 1 at 41, and his petition for review (Case No. S223999) was denied by the Cal. Supreme Court was summarily denied, id. at 39.

Thereafter, in 2017, after commencing the instant action, petitioner again sought to obtain traction on these claims in the state courts by filing a "Writ of Mandamus – Prohibition (-) Coram Nobis – The All Writs Act." After the superior court summarily denied this application for relief, defendant filed a supplemental brief in the Court of Appeal renewing his contention that a juvenile adjudication may not be used as a prior conviction for purposes of the Three Strikes Law. The Court of Appeal construed petitioner's brief as an attempt to obtain modification of his original sentence and dismissed it as untimely. See Parvin III, 2018 WL 6715908, at *2, 2018 Cal. App. Unpub. LEXIS 8674 (Cal. Ct. App. Dec. 21, 2018) (Case No. C086643); petition for review denied by the Cal. Supreme Court on February 27, 2019 (Case No. S253699).

Respondent does not argue that this claim may be untimely, only that the claim is not cognizable. The court agrees. Where, as here, petitioner's claim "can readily be dismissed on the merits," the court need not reach potential procedural bar questions. Lambrix v. Singletary, 520 U.S. 518, 525 (1997) (claims that are "easily resolvable against the habeas petitioner" may be

addressed as a matter of judicial economy without reaching more complicated procedural bar issues).

Petitioner generally contends that his juvenile conviction should not be considered a prior criminal conviction because the statutory purpose of juvenile proceedings is rehabilitative and, once released from juvenile jurisdiction, a former juvenile's prior offenses are "honorably discharged." ECF No. 1 at 22-4. More specifically, petitioner contends, as a matter of due process, that juvenile convictions cannot be included within the "prior conviction" exception to Apprendi v. New Jersey, 530 U.S. 466 (2000), because jury trials are not provided in juvenile court. Id. at 23-4. The Apprendi exception provides: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Petitioner relies on the Ninth Circuit's decision in United States v. Tighe, 266 F.3d 1187 (9th Cir. 2001), which excludes juvenile convictions from the Apprendi prior conviction exception. Petitioner argues that, under California law, a judge retains the discretion to strike a prior conviction "in the interests of justice" (citing People v. Superior Court (Romero), 13 Cal. 4th 497 (1996)), and on that basis this court should direct the trial court to strike petitioner's prior juvenile conviction. ECF No. 1 at 23-4.

The reasoning of the state appellate court when it initially addressed petitioner's claim in 2003, on direct appeal, remains valid. Relying on People v. Bowden, 102 Cal. App. 4th 387 (2002), the Parvin I appellate court rejected petitioner's claim on the ground that the Ninth Circuit's decision in Tighe is not "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), and because "a defendant is entitled in California to a jury trial over the *existence* of his prior juvenile adjudications." Parvin I, 2003 WL 1522012, 2003 Cal. App. Unpub. LEXIS 2843 (Cal. Ct. App. Mar. 25, 2003) (Case No. C040905) (emphasis added). The correctness of this decision has since been confirmed by: (1) the Ninth Circuit's acknowledgement that Tighe "does not represent clearly established federal law 'as determined by the Supreme Court of the United States[]' 28 U.S.C. § 2254(d)(1)," Boyd v. Newland, 467 F.3d 1139, 1152 (9th Cir. 2006), cert. denied, 550 U.S. 933 (2007); and (2) the

10

California Supreme Court's decision that nonjury juvenile adjudications may be included as prior convictions under the Apprendi exception, People v. Nguyen, 46 Cal.4th 1007 (2009), cert. denied, 559 U.S. 1067 (2010).

Under AEDPA, this court's review of habeas claims is limited to a determination whether the challenged state court rulings were contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d). Because the Supreme Court has never specifically excluded juvenile convictions from the "prior conviction" exception to Apprendi, the state courts' determination that juvenile convictions may count as a strike under California's Three Strikes Law does not violate clearly established federal law. See Wright v. Van Patten, 552 U.S. 120, 126 (2008) (when Supreme Court cases "give no clear answer to the question presented," the state court's rejection of a petitioner's claim cannot constitute an unreasonable application of clearly established federal law) (citation and internal quotations omitted); John-Charles v. California, 646 F.3d 1243, 1253 (9th Cir.), cert. denied,, 565 U.S. 1097 (2011) (denying relief because no clearly established Supreme Court precedent precludes the use of a juvenile adjudication to enhance a sentence). Thus, habeas relief is unavailable on Claim Two.

Petitioner also contends that reliance on his juvenile adjudication to enhance the sentences on his 2002 convictions violated the Ex Post Facto Clause of the United States Constitution. ECF No. 1 at 5, 24-5. This claim is also without merit. "The application of a sentencing enhancement due to a prior conviction does not violate the Ex Post Facto Clause, United States v. Sorenson, 914 F.2d 173, 174 (9th Cir. 1990), as long as the statute was in effect before the triggering offense was committed, United States v. Ahumada-Avalos, 875 F.2d 681, 683-84 (9th Cir. 1984)." Brown v. Mayle, 283 F.3d 1019, 1040 (9th Cir. 2002), vacated on other grounds, 538 U.S. 901 (2003). The triggering offenses in the instant case were committed in 1999, well after enactment of the Three Strikes Law in 1982. See Cal. Penal Code 667 (added by Initiative Measure approved June 8, 1982). Therefore, sentencing enhancements in the instant case are not ex post facto violations.

For these reasons, the court finds no merit to petitioner's Claim Two.

### 3. Claim Three

Petitioner's Claim Three, both as originally framed, ECF No. 1 at 5-6, 26-32, and as set forth in his proposed amendment, ECF No. 27 at 2-8, challenges the state courts' refusal to find petitioner eligible for resentencing under the Three Strikes Reform Act on the ground that his convictions were serious and/or violent felonies. Petitioner's Claim Three is fact-intensive, arguing that the evidence must be reexamined to reconsider petitioner's alleged intent to harm the victims and whether his actions were the proximate cause of the victims' injuries.

Whether petitioner is eligible for resentencing under California law does not present a federal question. "Whether or not a prior conviction properly constitutes a 'serious' or 'violent' felony, as that term is defined in California's Three Strikes Law, involves interpretation of state sentencing law. Federal courts are bound by a state court's construction of its own penal statutes, and this court must defer to the California courts' interpretation of the California Three Strikes Law unless its interpretation is untenable or amounts to a subterfuge to avoid federal review of a constitutional violation." Mitchell v. Soto, 2015 WL 1119683, at *5, 2015 U.S. Dist. LEXIS 30011, at *12, Case No. 2:14-CV-1438 TLN GGH P (E.D. Cal. Mar. 11, 2015, adopted in full Apr. 13, 2015) (citations and internal quotation marks omitted); see also Tuggle v. Perez, 2016 WL 1377790, at *7, 2016 U.S. Dist. LEXIS 47369, at *18-19, Case No. 2:14-cv-1680 KJM CKD P (E.D. Cal. Apr. 7, 2016, adopted in full June 3, 2016) (collecting cases); accord, Rameses v. Lizarraga, 2018 WL 1637969, at *3, 2018 U.S. Dist. LEXIS 58556, at *7, Case No. 2:17-cv-02275 MCE AC P, (E.D. Cal. Apr. 5, 2018, adopted in full May 15, 2018), certificate of appealability denied, 2018 WL 8513796, 2018 U.S. App. LEXIS 36411 (9th Cir. Dec. 21, 2018). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "[W]hether a state court properly construed or applied state sentencing law is a question of state law not subject to federal habeas review." Nelson v. Biter, 33 F. Supp. 3d 1173, 1177 (C.D. Cal. 2014) (collecting cases).

For these reasons, petitioner's Claim Three should also be dismissed.

////

////

C. Summary

Petitioner's petition for writ of habeas corpus should be denied on the ground that none of petitioner's claims have merit. For this reason, and because petitioner has been provided two prior opportunities to request a stay of this action while he exhausts additional claims, neither of which were appropriately pursued, no further leave to amend the petition should be granted.

V. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay this action, ECF No. 26, is denied.

2. Petitioner's most recent proposed First Amended Petition, ECF No. 27, is stricken.

Additionally, for the reasons explained above, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be denied on the merits; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 24, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE